Anthony J. Viola
Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Plaintiffs
  Takeda Pharmaceutical Company Limited, and
  Takeda Pharmaceuticals North America, Inc.
750 Lexington Ave.
New York, NY 10022
(212) 308-4411



### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

Takeda Pharmaceutical Company Limited and
Takeda Pharmaceuticals North America, Inc.,

                Plaintiffs,

   v.

Cadila Healthcare Ltd.
Zydus Pharmaceuticals USA, Inc.

                Defendants.

Civil Action No. _____

**COMPLAINT**

    Plaintiffs, Takeda Pharmaceutical Company Limited (formerly known as Takeda

Chemical Industries, Ltd.) ("TPC") and Takeda Pharmaceuticals North America, Inc. ("TPNA")

(collectively, "Takeda" or "Plaintiffs"), by their undersigned counsel, for their Complaint against

defendants Cadila Healthcare Ltd. ("Cadila") and Zydus Pharmaceuticals USA, Inc. ("Zydus

USA") (collectively, "Zydus" or "Defendants"), allege as follows:

## Jurisdiction and Venue

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code and arising under 35 U.S.C. §§ 271(e)(2), 271(b), and 281-283.  Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).  Personal jurisdiction over the defendants in New York is proper under N.Y. C.P.L.R. §§ 301 and 302(a), and because defendants are doing business in this jurisdiction.

## Parties

2.      TPC is a Japanese corporation having its corporate headquarters in Osaka, Japan and principal place of business in Osaka, Japan.  TPNA is a wholly owned U.S. subsidiary of Takeda American Holdings, Inc., which is a wholly owned U.S. subsidiary of TPC.  TPNA has its corporate headquarters and principal place of business in Deerfield, Illinois and is organized under the laws of Delaware.

3.      TPC is engaged in the business of research, developing, manufacturing and marketing of a broad spectrum of innovative pharmaceutical products, including ACTOS® which contains the active ingredient pioglitazone.

4.      On information and belief, Cadila Healthcare is a company organized and existing under the laws of India, having its principal place of business at Zydus Tower, Satellite Cross Roads, Ahmedabad -308 015, Gujarat, India.

5.      On information and belief, Zydus USA is a corporation organized and existing under the laws of New Jersey, having its principal place of business at 73 Route 31 North, Pennington, NJ  08534.

6.      Upon information and belief, Zydus filed ANDA No. 20-2456 with respect to pioglitazone hydrochloride tablets, 15 mg, 30 mg, and 45 mg base.

- 2 -

BOS 862981.1

7.      On information and belief, Zydus USA is a wholly-owned subsidiary of Cadila Healthcare.  Cadila Healthcare is in the business of making and selling generic pharmaceutical products, which it distributes and sells in the United States through its wholly owned U.S. agent and subsidiary, Zydus USA.

8.      On information and belief, Zydus USA sells generic drugs, manufactured and supplied by Cadila Healthcare, throughout the United States, including in at least New York.

9.      Upon information and belief, Zydus is currently transacting business in the Southern District of New York, at least by making and shipping into this Judicial District, or by using, offering to sell or selling or by causing others to use, offer to sell or sell, pharmaceutical products.  Upon information and belief, Zydus derives substantial revenue from interstate and/or international commerce, including substantial revenue from goods used or consumed or services rendered in the State of New York and this Judicial District.  Further, both Zydus and Cadila have availed themselves of the courts in the state of New York by filing suit in New York.  By filing its ANDA, Zydus has committed, and unless enjoined, will continue to commit a tortious act without the State of New York, which Zydus expects or should reasonably expect to have consequences in the State of New York.

### The New Drug Application

10.     TPNA sells pioglitazone-containing drug products under the trade name ACTOS® in the United States pursuant to the United States Food and Drug Administration's approval of a New Drug Application ("NDA") held by TPNA (NDA No. 21-073).

11.     ACTOS® is approved for use as an adjunct to diet and exercise to improve glycemic control in patients with Type 2 Diabetes (non-insulin-dependent diabetes mellitus). ACTOS® is indicated for monotherapy.  ACTOS® is also indicated for use in combination with a

BOS 862981.1

sulfonylurea, metformin, or insulin when diet and exercise plus the single agent does not result in adequate glycemic control.

12.    The approval letter for ACTOS®, with approved labeling, was issued by the FDA on July 15, 1999. The approval was for both monotherapy and combination therapy, based upon the FDA's consideration of clinical studies, presented in a single NDA, for both types of therapies.

13.    Certain amendments to the approved labeling for ACTOS® have subsequently been approved.

### The Patents in Suit

14.    United States Patent No. 5,965,584 ("the '584 patent"), entitled "Pharmaceutical Composition," a true and correct copy of which is appended hereto as **Exhibit A**, was duly issued on October 12, 1999 to inventors Hitoshi Ikeda, Takashi Sohda and Hiroyuki Odaka and assigned to plaintiff TPC. The '584 patent claims, inter alia, a pharmaceutical composition comprising pioglitazone [(±)-5-[[4-[2-(5-ethyl-2-pyridinyl)ethoxy]phenyl]methyl]-2,4-thiazolidinedione], or salts thereof in combination with a biguanide (e.g., metformin) and methods for treating diabetes which comprise administering a therapeutically effective amount of pioglitazone or salts thereof in combination with a biguanide.

15.    Plaintiff TPC has been and still is the owner through assignment of the '584 patent, which expires on June 19, 2016.

16.    United States Patent No. 6,329,404 ("the '404 patent"), entitled "Pharmaceutical composition," a true and correct copy of which is appended hereto as **Exhibit B**, was duly issued on December 11, 2001 to inventors Hitoshi Ikeda, Takashi Sohda and Hiroyuki Odaka, and assigned to plaintiff TPC. The '404 patent claims, inter alia, a pharmaceutical composition

BOS 862981.1

comprising pioglitazone or salts thereof in combination with an insulin secretion enhancer (e.g., a sulfonylurea, such as glimepiride) and methods for treating diabetes which comprise administering a therapeutically effective amount of pioglitazone or salts thereof in combination with an insulin secretion enhancer.

17.     Plaintiff TPC has been and still is the owner through assignment of the '404 patent, which expires on June 19, 2016.

18.    .   United States Patent No. 6,166,043 ("the '043 patent"), entitled "Pharmaceutical Composition," a true and correct copy of which is appended hereto as **Exhibit C**, was duly issued on December 26, 2000 to inventors Hitoshi Ikeda, Takashi Sohda and Hiroyuki Odaka, and assigned to plaintiff TPC.  The '043 patent claims, inter alia, methods for reducing the amount of active components administered to a diabetic patient, which comprise administering a therapeutically effective amount of pioglitazone or salts thereof in combination with a biguanide, e.g., metformin.

19.     Plaintiff TPC has been and still is the owner through assignment of the '043 patent, which expires on June 19, 2016.

20.     United States Patent No. 6,172,090 ("the '090 patent"), entitled "Pharmaceutical Composition," a true and correct copy of which is appended hereto as **Exhibit D**, was duly issued on January 9, 2001 to inventors Hitoshi Ikeda, Takashi Sohda and Hiroyuki Odaka, and assigned to plaintiff TPC.  The '090 patent claims, inter alia, methods for reducing the side effects of active components administered to a diabetic patient, which comprise administering a therapeutically effective amount of pioglitazone or salts thereof in combination with a biguanide, e.g., metformin, as the active components.

- 5 -

21.     Plaintiff TPC has been and still is the owner through assignment of the '090 patent, which expires on June 19, 2016.

22.     United States Patent No. 6,211,205 ("the '205 patent"), entitled "Pharmaceutical Composition," a true and correct copy of which is appended hereto as **Exhibit E**, was duly issued on April 3, 2001 to inventors Hitoshi Ikeda, Takashi Sohda and Hiroyuki Odaka, and assigned to plaintiff TPC.  The '205 patent claims, inter alia, methods for reducing the amount of active components administered to a diabetic patient, which comprises administering a therapeutically effective amount of pioglitazone or salts thereof in combination with an insulin secretion enhancer (e.g., a sulfonylurea).

23.     Plaintiff TPC has been and still is the owner through assignment of the '205 patent, which expires on June 19, 2016.

24.     United States Patent No. 6,271,243 ("the '243 patent"), entitled "Pharmaceutical Composition," a true and correct copy of which is appended hereto as **Exhibit F**, was duly issued on August 7, 2001 to inventors Hitoshi Ikeda, Takashi Sohda and Hiroyuki Odaka, and assigned to plaintiff TPC.  The '243 patent claims, inter alia, methods for reducing the side effects of active components administered to a diabetic patient, which comprises administering a therapeutically effective amount of pioglitazone or salts thereof in combination with an insulin preparation.

25.     Plaintiff TPC has been and still is the owner through assignment of the '243 patent, which expires on June 19, 2016.

26.     United States Patent No. 6,303,640 ("the '640 patent"), entitled "Pharmaceutical Composition," a true and correct copy of which is appended hereto as **Exhibit G**, was duly issued on October 16, 2001 to inventors Hitoshi Ikeda, Takashi Sohda and Hiroyuki Odaka, and

BOS 862981.1

assigned to plaintiff TPC.  The '640 patent claims, inter alia, methods for reducing the side effects of active components administered to a diabetic patient, which comprises administering a therapeutically effective amount of a pioglitazone or salt thereof in combination with an insulin secretion enhancer (e.g., a sulfonylurea).

27.     Plaintiff TPC has been and still is the owner through assignment of the '640 patent, which expires on August 9, 2016.

28.     . Plaintiff TPC has granted an exclusive license to plaintiff TPNA under the '584 patent, the '404 patent, the '043 patent, the '090 patent, the '205 patent, the '243 patent, and the '640 patent (collectively, the "Takeda Patents").

29.     In accordance with its exclusive license, plaintiff TPNA sells pioglitazone-containing drug products under the trade name ACTOS®, among others, in the United States. Sales of TPNA's pioglitazone-containing drug products are made pursuant to approval by the FDA of, among others, NDA No. 21-073.

30.     Plaintiff TPC manufactures the ACTOS® drug products sold by TPNA.

31.     Plaintiffs TPC and TPNA will be both substantially and irreparably harmed by infringement of any of the Takeda Patents.  There is no adequate remedy at law.

## COUNT I

## (INFRINGEMENT OF THE '584 PATENT UNDER 35 U.S.C. § 271(E)(2)(A))

32.     Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

33.     Upon information and belief, Zydus filed an Abbreviated New Drug Application ("ANDA") with the Food and Drug Administration ("FDA") under 21 U.S.C. § 355(j) (ANDA

No. 20-2456) seeking approval to market 15 mg, 30 mg, and 45 mg tablets comprising pioglitazone hydrochloride.

34.     By this ANDA filing, Zydus has indicated that it intends to engage, and that there is substantial likelihood that it will engage, in the commercial manufacture, importation, use, offer for sale, and/or sale, or inducement thereof, of plaintiffs' patented pioglitazone drug products immediately or imminently upon receiving FDA approval to do so.  Also by its ANDA filing, Zydus has indicated that its drug products containing pioglitazone are bioequivalent to Takeda's pioglitazone drug products.

35.     By its ANDA filing, Zydus seeks to obtain approval to commercially manufacture, use, import, offer for sale, and/or sell, alleged generic equivalents of plaintiffs' ACTOS® pioglitazone drug products prior to the expiration date of the '584 patent.

36.     By a letter (the "Notice Letter") dated December 30, 2010, Zydus informed TPC and TPNA that Zydus had filed a certification to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).  On or about January 4, 2011, NDA holder, TPNA, received the Notice Letter.  On or about January 5, 2011, patent owner, TPC, received a duplicate original of the Notice Letter.

37.     The Notice Letter, purporting to be Zydus's Notice of Certification under 21 U.S.C. § 355(j)(2)(B)(iv), alleges that in "in the opinion of Zydus and to the best of its knowledge, no valid claim of . . . [the '584 patent] . . . will be infringed by the manufacture, use, or sale of the Zydus ANDA Product."

38.     Zydus's filing of ANDA No. 20-2456 for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, importation, offer for sale and/or sale, or

BOS 862981.1

inducement thereof, of drug products containing pioglitazone or salts thereof before the expiration of the '584 patent is an act of infringement under 35 U.S.C. § 271(e)(2)(A).

39.     Zydus's manufacture, use, importation, offer for sale, and/or sale, or inducement thereof, of its proposed pioglitazone drug product will induce infringement of at least one claim of the '584 patent under 35 U.S.C. § 271(e)(2)(A).

40.     Upon information and belief, Zydus is aware or reasonably should be aware, of the widespread use of pioglitazone in combination therapy to treat diabetes, and that such use does not require a physician to co-prescribe pioglitazone with a biguanide, e.g., metformin. Further, patients routinely take pioglitazone in combination with additional active components, such as biguanides.  The intended use of pioglitazone in combination therapy to treat diabetes would be readily apparent to customers of Zydus (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

41.     Upon information and belief, Zydus currently manufactures, markets, offers for sale and/or sells the biguanide, metformin.

42.     Upon information and belief, Zydus's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy.  As is well known to Zydus and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation.  The beneficial effects of such combination therapy are well known to Zydus and customers of Zydus. On information and belief, Zydus will be marketing pioglitazone with specific intent, and/or with

- 9 -

the desire to actively induce, aid and abet, infringement of the '584 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

43.    Additionally, upon information and belief, Zydus's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and biguanides, e.g., metformin, and such information will promote the use of pioglitazone in combination with biguanides, e.g., metformin.  The beneficial effects of such co-administration and/or interactions are well known to customers of Zydus.  By including this information in its label, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '584 patent.  Zydus knows or reasonably should know that its proposed conduct will induce infringement.

44.    Upon information and belief, Zydus's generic marketing practices include listing generic products on its website and referring consumers to a corresponding brand name product. Upon information and belief, Zydus intends to do the same for any approved generic pioglitazone, namely, Zydus intends to list its generic product and refer consumers to Takeda's product, ACTOS®.  Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and a biguanide, e.g., metformin, also applies to Zydus's generic pioglitazone-containing drug product.

45.    Upon information and belief, Zydus has planned and intended to actively induce others to infringe the '584 patent when its ANDA application is approved and plans and intends to do so on approval.

46.     Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful, and in full knowledge of the existence of the '584 patent.

47.     Unless Zydus is enjoined from infringing and inducing the infringement of the '584 patent, plaintiffs will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT II

### (INFRINGEMENT OF THE '404 PATENT UNDER 35 U.S.C. § 271(E)(2)(A))

48.     Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

49.     Upon information and belief, Zydus filed ANDA 20-2456 with the FDA under 21 U.S.C. § 355(j) (ANDA No. 20-2456) seeking approval to market 15 mg, 30 mg, and 45 mg tablets comprising pioglitazone hydrochloride.

50.     By this ANDA filing, Zydus has indicated that it intends to engage, and that there is substantial likelihood that it will engage, in the commercial manufacture, importation, use, offer for sale, and/or sale, or inducement thereof, of plaintiffs' patented pioglitazone drug products immediately or imminently upon receiving FDA approval to do so.  Also by its ANDA filing, Zydus has indicated that its drug products containing pioglitazone are bioequivalent to Takeda's pioglitazone drug products.

51.     By its ANDA filing, Zydus seeks to obtain approval to commercially manufacture, use, import, offer for sale, and/or sell, alleged generic equivalents of plaintiffs' ACTOS® pioglitazone drug products prior to the expiration date of the '404 patent.

52.     By the Notice Letter dated December 30, 2010, Zydus informed TPC and TPNA that Zydus had filed a certification to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

BOS 862981.1

On or about January 4, 2011, NDA holder, TPNA, received the Notice Letter. On or about

January 5, 2011, patent owner, TPC, received a duplicate original of the Notice Letter.

53.     The Notice Letter, purporting to be Zydus's Notice of Certification under 21

U.S.C. § 355(j)(2)(B)(iv), alleges that in "in the opinion of Zydus and to the best of its

knowledge, no valid claim of . . . [the '404 patent] . . . will be infringed by the manufacture, use,

or sale of the Zydus ANDA Product."

54.     Zydus's filing of ANDA No. 20-2456 for the purpose of obtaining FDA approval

to engage in the commercial manufacture, use, importation, offer for sale and/or sale, or

inducement thereof, of drug products containing pioglitazone or salts thereof before the

expiration of the '404 patent is an act of infringement under 35 U.S.C. § 271(e)(2)(A).

55.     Zydus's manufacture, use, importation, offer for sale, and/or sale, or inducement

thereof, of its proposed pioglitazone drug product will induce infringement of at least one claim

of the '404 patent under 35 U.S.C. § 271(e)(2)(A).

56.     Upon information and belief, Zydus is aware or reasonably should be aware, of

the widespread use of pioglitazone in combination therapy to treat diabetes, and that such use

does not require a physician to co-prescribe pioglitazone with an insulin secretion enhancer (e.g.,

a sulfonylurea). Further, patients routinely take pioglitazone in combination with additional

active components, such as insulin secretion enhancers. The intended use of pioglitazone in

combination therapy would be readily apparent to customers of Zydus (e.g., including, without

limitation, physicians, pharmacists, pharmacy benefits management companies, health care

providers who establish drug formularies for their insurers and/or patients).

57.     Upon information and belief, Zydus's proposed label for its pioglitazone drug

products does not restrict the use of those products to only monotherapy. As is well known to

BOS 862981.1

Zydus and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation. The beneficial effects of such combination therapy are well known to Zydus and customers of Zydus. On information and belief, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '404 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

58.    Additionally, upon information and belief, Zydus's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and insulin secretion enhancers such as a sulfonylurea and such information will promote the use of pioglitazone in combination with insulin secretion enhancers such as a sulfonylurea. The beneficial effects of such co-administration and/or interactions are well known to customers of Zydus. By including this information in its label, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '404 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

59.    Upon information and belief, Zydus's generic marketing practices in the U.S. include listing generic products on its website and referring consumers to a corresponding brand name product. Upon information and belief, Zydus intends to do the same for any approved generic pioglitazone, namely, Zydus intends to list its generic product and refer to Takeda's product, ACTOS®. Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for

- 13 -

ACTOS®, which includes directions relating to the use of combinations of ACTOS® and an insulin secretion enhancer (e.g., a sulfonylurea), also applies to Zydus's generic pioglitazone-containing drug product.

60.    Upon information and belief, Zydus has planned and intended to actively induce others to infringe the '404 patent when its ANDA application is approved and plans and intends to do so on approval.

61.    Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful, and in full knowledge of the existence of the '404 patent.

62.    Unless Zydus is enjoined from infringing and inducing the infringement of the '404 patent, plaintiffs will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT III

### (INFRINGEMENT OF THE '043 PATENT UNDER 35 U.S.C. § 271(E)(2)(A))

63.    Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

64.    Upon information and belief, Zydus filed ANDA 20-2456 with the FDA under 21 U.S.C. § 355(j) (ANDA No. 20-2456) seeking approval to market 15 mg, 30 mg, and 45 mg tablets comprising pioglitazone hydrochloride.

65.    By this ANDA filing, Zydus has indicated that it intends to engage, and that there is substantial likelihood that it will engage, in the commercial manufacture, importation, use, offer for sale, and/or sale, or inducement thereof, of plaintiffs' patented pioglitazone drug products immediately or imminently upon receiving FDA approval to do so.  Also by its ANDA

BOS 862981.1

filing, Zydus has indicated that its drug products containing pioglitazone are bioequivalent to Takeda's pioglitazone drug products.

66.     By its ANDA filing, Zydus seeks to obtain approval to commercially manufacture, use, import, offer for sale, and/or sell, alleged generic equivalents of plaintiffs' ACTOS® pioglitazone drug products prior to the expiration date of the '043 patent.

67.     By the Notice Letter dated December 30, 2010, Zydus informed TPC and TPNA that Zydus had filed a certification to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV). On or about January 4, 2011, NDA holder, TPNA, received the Notice Letter.  On or about January 5, 2011, patent owner, TPC, received a duplicate original of the Notice Letter.

68.     The Notice Letter, purporting to be Zydus's Notice of Certification under 21 U.S.C. § 355(j)(2)(B)(iv), alleges that in "in the opinion of Zydus and to the best of its knowledge, no valid claim of . . . [the '043 patent] . . . will be infringed by the manufacture, use, or sale of the Zydus ANDA Product."

69.     Zydus's filing of ANDA No. 20-2456 for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, importation, offer for sale and/or sale, or inducement thereof, of drug products containing pioglitazone or salts thereof before the expiration of the '043 patent is an act of infringement under 35 U.S.C. § 271(e)(2)(A).

70.     Zydus's manufacture, use, importation, offer for sale, and/or sale, or inducement thereof, of its proposed pioglitazone drug product will induce infringement of at least one claim of the '043 patent under 35 U.S.C. § 271(e)(2)(A).

71.     Upon information and belief, Zydus is aware or reasonably should be aware, of the widespread use of pioglitazone in combination therapy to treat diabetes, and that such use does not require a physician to co-prescribe pioglitazone with a biguanide, e.g., metformin.

BOS 862981.1

Further, patients routinely take pioglitazone in combination with additional active components, such as biguanides. The intended use of pioglitazone in combination therapy to reduce the amount of active components used in such therapy would be readily apparent to customers of Zydus (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

72.    Upon information and belief, Zydus's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy. As is well known to Zydus and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation. The beneficial effects of such combination therapy are well known to Zydus and customers of Zydus. On information and belief, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '043 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

73.    Additionally, upon information and belief, Zydus's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and biguanides, e.g., metformin, and such information will promote the use of pioglitazone in combination with biguanides, e.g., metformin. The beneficial effects of such co-administration and/or interactions are well known to customers of Zydus. By including this information in its label, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and

- 16 -

abet, infringement of the '043 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

74.    Upon information and belief, Zydus's generic marketing practices include listing generic products on its website and referring consumers to a corresponding brand name product. Upon information and belief, Zydus intends to do the same for any approved generic pioglitazone, namely, Zydus intends to list its generic product and refer consumers to Takeda's product, ACTOS®. Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and a biguanide, e.g., metformin, also applies to Zydus's generic pioglitazone-containing drug product.

75.    Upon information and belief, Zydus has planned and intended to actively induce others to infringe the '043 patent when its ANDA application is approved and plans and intends to do so on approval.

76.    Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful, and in full knowledge of the existence of the '043 patent.

77.    Unless Zydus is enjoined from infringing and inducing the infringement of the '043 patent, plaintiffs will suffer substantial and irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT IV

## (INFRINGEMENT OF THE '090 PATENT UNDER 35 U.S.C. § 271(E)(2)(A))

78.    Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

BOS 862981.1

79.     Upon information and belief, Zydus filed ANDA 20-2456 with the FDA under 21 U.S.C. § 355(j) (ANDA No. 20-2456) seeking approval to market 15 mg, 30 mg, and 45 mg tablets comprising pioglitazone hydrochloride.

80.     By this ANDA filing, Zydus has indicated that it intends to engage, and that there is substantial likelihood that it will engage, in the commercial manufacture, importation, use, offer for sale, and/or sale, or inducement thereof, of plaintiffs' patented pioglitazone drug products immediately or imminently upon receiving FDA approval to do so. Also by its ANDA filing, Zydus has indicated that its drug products containing pioglitazone are bioequivalent to Takeda's pioglitazone drug products.

81.     By its ANDA filing, Zydus seeks to obtain approval to commercially manufacture, use, import, offer for sale, and/or sell, alleged generic equivalents of plaintiffs' ACTOS® pioglitazone drug products prior to the expiration date of the '090 patent.

82.     By the Notice Letter dated December 30, 2010, Zydus informed TPC and TPNA that Zydus had filed a certification to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV). On or about January 4, 2011, NDA holder, TPNA, received the Notice Letter. On or about January 5, 2011, patent owner, TPC, received a duplicate original of the Notice Letter.

83.     The Notice Letter, purporting to be Zydus's Notice of Certification under 21 U.S.C. § 355(j)(2)(B)(iv), alleges that in "in the opinion of Zydus and to the best of its knowledge, no valid claim of . . . [the '090 patent] . . . will be infringed by the manufacture, use, or sale of the Zydus ANDA Product."

84.     Zydus's filing of ANDA No. 20-2456 for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, importation, offer for sale and/or sale, or

- 18 -

BOS 862981.1

inducement thereof, of drug products containing pioglitazone or salts thereof before the expiration of the '090 patent is an act of infringement under 35 U.S.C. § 271(e)(2)(A).

85.    Zydus's manufacture, use, importation, offer for sale, and/or sale, or inducement thereof, of its proposed pioglitazone drug product will induce infringement of at least one claim of the '090 patent under 35 U.S.C. § 271(e)(2)(A).

86.    Upon information and belief, Zydus is aware or reasonably should be aware, of the widespread use of pioglitazone in combination therapy to treat diabetes, and that such use does not require a physician to co-prescribe pioglitazone with a biguanide, e.g., metformin. Further, patients routinely take pioglitazone in combination with additional active components, such as biguanides. The intended use of pioglitazone in combination therapy to reduce side effects of such therapy would be readily apparent to customers of Zydus (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

87.    Upon information and belief, Zydus's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy. As is well known to Zydus and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation. The beneficial effects of such combination therapy are well known to Zydus and customers of Zydus. On information and belief, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '090 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

- 19 -

88.     Additionally, upon information and belief, Zydus's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and biguanides, e.g., metformin, and such information will promote the use of pioglitazone in combination with biguanides, e.g., metformin.  The beneficial effects of such co-administration and/or interactions are well known to customers of Zydus.  By including this information in its label, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '090 patent.  Zydus knows or reasonably should know that its proposed conduct will induce infringement.

89.     Upon information and belief, Zydus's generic marketing practices include listing generic products on its website and referring consumers to a corresponding brand name product. Upon information and belief, Zydus intends to do the same for any approved generic pioglitazone, namely, Zydus intends to list its generic product and refer consumers to Takeda's product, ACTOS®.  Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and a biguanide, e.g., metformin, also applies to Zydus's generic pioglitazone-containing drug product.

90.     Upon information and belief, Zydus has planned and intended to actively induce others to infringe the '090 patent when its ANDA application is approved and plans and intends to do so on approval.

91.     Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful, and in full knowledge of the existence of the '090 patent.

- 20 -

BOS 862981.1

92.     Unless Zydus is enjoined from infringing and inducing the infringement of the '090 patent, plaintiffs will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT V

## (INFRINGEMENT OF THE '205 PATENT UNDER 35 U.S.C. § 271(E)(2)(A))

93.     Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

94.     Upon information and belief, Zydus filed ANDA 20-2456 with the FDA under 21 U.S.C. § 355(j) (ANDA No. 20-2456) seeking approval to market 15 mg, 30 mg, and 45 mg tablets comprising pioglitazone hydrochloride.

95.     By this ANDA filing, Zydus has indicated that it intends to engage, and that there is substantial likelihood that it will engage, in the commercial manufacture, importation, use, offer for sale, and/or sale, or inducement thereof, of plaintiffs' patented pioglitazone drug products immediately or imminently upon receiving FDA approval to do so.  Also by its ANDA filing, Zydus has indicated that its drug products containing pioglitazone are bioequivalent to Takeda's pioglitazone drug products.

96.     By its ANDA filing, Zydus seeks to obtain approval to commercially manufacture, use, import, offer for sale, and/or sell, alleged generic equivalents of plaintiffs' ACTOS® pioglitazone drug products prior to the expiration date of the '205 patent.

97.     By the Notice Letter dated December 30, 2010, Zydus informed TPC and TPNA that Zydus had filed a certification to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV). On or about January 4, 2011, NDA holder, TPNA, received the Notice Letter.  On or about January 5, 2011, patent owner, TPC, received a duplicate original of the Notice Letter.

98.     The Notice Letter, purporting to be Zydus's Notice of Certification under 21

U.S.C. § 355(j)(2)(B)(iv), alleges that in "in the opinion of Zydus and to the best of its

knowledge, no valid claim of . . . [the '205 patent] . . . will be infringed by the manufacture, use,

or sale of the Zydus ANDA Product."

99.     Zydus's filing of ANDA No. 20-2456 for the purpose of obtaining FDA approval

to engage in the commercial manufacture, use, importation, offer for sale and/or sale, or

inducement thereof, of drug products containing pioglitazone or salts thereof before the

expiration of the '205 patent is an act of infringement under 35 U.S.C. § 271(e)(2)(A).

100.    Zydus's manufacture, use, importation, offer for sale, and/or sale, or inducement

thereof, of its proposed pioglitazone drug product will induce infringement of at least one claim

of the '205 patent under 35 U.S.C. § 271(e)(2)(A).

101.    Upon information and belief, Zydus is aware or reasonably should be aware, of

the widespread use of pioglitazone in combination therapy to treat diabetes, and that such use

does not require a physician to co-prescribe pioglitazone with an insulin secretion enhancer (e.g.,

a sulfonylurea).  Further, patients routinely take pioglitazone in combination with additional

active components, such as insulin secretion enhancers.  The intended use of pioglitazone in

combination therapy to reduce the amount of active components used in such therapy would be

readily apparent to customers of Zydus (e.g., including, without limitation, physicians,

pharmacists, pharmacy benefits management companies, health care providers who establish

drug formularies for their insurers and/or patients).

102.    Upon information and belief, Zydus's proposed label for its pioglitazone drug

products does not restrict the use of those products to only monotherapy.  As is well known to

Zydus and its customers, the majority of patients treated with pioglitazone take it in combination

- 22 -

with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation. The beneficial effects of such combination therapy are well known to Zydus and customers of Zydus. On information and belief, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '205 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

103.    Additionally, upon information and belief, Zydus's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and insulin secretion enhancers such as a sulfonylurea and such information will promote the use of pioglitazone in combination with insulin secretion enhancers such as a sulfonylurea. The beneficial effects of such co-administration and/or interactions are well known to customers of Zydus. By including this information in its label, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '205 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

104.    Upon information and belief, Zydus's generic marketing practices in the U.S. include listing generic products on its website and referring consumers to a corresponding brand name product. Upon information and belief, Zydus intends to do the same for any approved generic pioglitazone, namely, Zydus intends to list its generic product and refer to Takeda's product, ACTOS®. Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and an

- 23 -

insulin secretion enhancer (e.g., a sulfonylurea), also applies to Zydus's generic pioglitazone-containing drug product.

105.    Upon information and belief, Zydus has planned and intended to actively induce others to infringe the '205 patent when its ANDA application is approved and plans and intends to do so on approval.

106.    Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful, and in full knowledge of the existence of the '205 patent.

107.    Unless Zydus is enjoined from infringing and inducing the infringement of the '205 patent, plaintiffs will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT VI

### (INFRINGEMENT OF THE '243 PATENT UNDER 35 U.S.C. § 271(E)(2)(A))

108.    Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

109.    Upon information and belief Zydus filed ANDA 20-2456 with the FDA under 21 U.S.C. § 355(j) (ANDA No. 20-2456) seeking approval to market 15 mg, 30 mg, and 45 mg tablets comprising pioglitazone hydrochloride.

110.    By this ANDA filing, Zydus has indicated that it intends to engage, and that there is substantial likelihood that it will engage, in the commercial manufacture, importation, use, offer for sale, and/or sale, or inducement thereof, of plaintiffs' patented pioglitazone drug products immediately or imminently upon receiving FDA approval to do so.  Also by its ANDA filing, Zydus has indicated that its drug products containing pioglitazone are bioequivalent to Takeda's pioglitazone drug products.

- 24 -

111.    By its ANDA filing, Zydus seeks to obtain approval to commercially manufacture, use, import, offer for sale, and/or sell, alleged generic equivalents of plaintiffs' ACTOS® pioglitazone drug products prior to the expiration date of the '243 patent.

112.    By the Notice Letter dated December 30, 2010, Zydus informed TPC and TPNA that Zydus had filed a certification to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV). On or about January 4, 2011, NDA holder, TPNA, received the Notice Letter.  On or about January 5, 2011, patent owner, TPC, received a duplicate original of the Notice Letter.

113.    The Notice Letter, purporting to be Zydus's Notice of Certification under 21 U.S.C. § 355(j)(2)(B)(iv), alleges that in "in the opinion of Zydus and to the best of its knowledge, no valid claim of . . . [the '243 patent] . . . will be infringed by the manufacture, use, or sale of the Zydus ANDA Product."

114.    Zydus's filing of ANDA No. 20-2456 for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, importation, offer for sale and/or sale, or inducement thereof, of drug products containing pioglitazone or salts thereof before the expiration of the '243 patent is an act of infringement under 35 U.S.C. § 271(e)(2)(A).

115.    Zydus's manufacture, use, importation, offer for sale, and/or sale, or inducement thereof, of its proposed pioglitazone drug product will induce infringement of at least one claim of the '243 patent under 35 U.S.C. § 271(e)(2)(A).

116.    Upon information and belief, Zydus is aware or reasonably should be aware, of the widespread use of pioglitazone in combination therapy to treat diabetes, and that such use does not require a physician to co-prescribe pioglitazone with an insulin preparation.  Further, patients routinely take pioglitazone in combination with additional active components, such as insulin preparations for use in methods covered by the '243 patent.  The intended use of

- 25 -

pioglitazone in combination therapy to reduce side effects of active components used in such therapy would be readily apparent to a customer of Zydus (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

117.    Upon information and belief, Zydus's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy.  As is well known to Zydus and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation.  The beneficial effects of such combination therapy are well known to Zydus and customers of Zydus. On information and belief, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '243 patent.  Zydus knows or reasonably should know that its proposed conduct will induce infringement.

118.    Additionally, upon information and belief, Zydus's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and insulin preparations and such information will promote the use of pioglitazone in combination with insulin preparations. The beneficial effects of such co-administration and/or interactions are well known to customers of Zydus.  By including this information in its label, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '243 patent.  Zydus knows or reasonably should know that its proposed conduct will induce infringement.

- 26 -

119.     Upon information and belief, Zydus's generic marketing practices include listing generic products on its website and referring consumers to a given generic product with a corresponding brand name product.  Upon information and belief, Zydus intends to do the same for any approved generic pioglitazone, namely, Zydus intends to list its generic product and refer consumers to Takeda's product, ACTOS®.  Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and an insulin preparation, also applies to Zydus's generic pioglitazone-containing drug product.

120.     Upon information and belief, Zydus has planned and intended to actively induce others to infringe the '243 patent when its ANDA application is approved and plans and intends to do so on approval.

121.     Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful, and in full knowledge of the existence of the '243 patent.

122.     Unless Zydus is enjoined from infringing and inducing infringement of the '243 patent, plaintiffs will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT VII

## (INFRINGEMENT OF THE '640 PATENT UNDER 35 U.S.C. § 271(E)(2)(A))

123.     Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

- 27 -

124.    Upon information and belief, Zydus filed ANDA 20-2456 with the FDA under 21
U.S.C. § 355(j) (ANDA No. 20-2456) seeking approval to market 15 mg, 30 mg, and 45 mg
tablets comprising pioglitazone hydrochloride.

125.    By this ANDA filing, Zydus has indicated that it intends to engage, and that there
is substantial likelihood that it will engage, in the commercial manufacture, importation, use,
offer for sale, and/or sale, or inducement thereof, of plaintiffs' patented pioglitazone drug
products immediately or imminently upon receiving FDA approval to do so.  Also by its ANDA
filing, Zydus has indicated that its drug products containing pioglitazone are bioequivalent to
Takeda's pioglitazone drug products.

126.    By its ANDA filing, Zydus seeks to obtain approval to commercially
manufacture, use, import, offer for sale, and/or sell, alleged generic equivalents of plaintiffs'
ACTOS® pioglitazone drug products prior to the expiration date of the '640 patent.

127.    By the Notice Letter dated December 30, 2010, Zydus informed TPC and TPNA
that Zydus had filed a certification to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).
On or about January 4, 2011, NDA holder, TPNA, received the Notice Letter.  On or about
January 5, 2011, patent owner, TPC, received a duplicate original of the Notice Letter.

128.    The Notice Letter, purporting to be Zydus's Notice of Certification under 21
U.S.C. § 355(j)(2)(B)(iv), alleges that in "in the opinion of Zydus and to the best of its
knowledge, no valid claim of . . . [the '640 patent] . . . will be infringed by the manufacture, use,
or sale of the Zydus ANDA Product."

129.    Zydus's filing of ANDA No. 20-2456 for the purpose of obtaining FDA approval
to engage in the commercial manufacture, use, importation, offer for sale and/or sale, or

BOS 862981.1

inducement thereof, of drug products containing pioglitazone or salts thereof before the expiration of the '640 patent is an act of infringement under 35 U.S.C. § 271(e)(2)(A).

130.    Zydus's manufacture, use, importation, offer for sale, and/or sale, or inducement thereof, of its proposed pioglitazone drug product will induce infringement of at least one claim of the '640 patent under 35 U.S.C. § 271(e)(2)(A).

131.    Upon information and belief, Zydus is aware or reasonably should be aware, of the widespread use of pioglitazone in combination therapy to treat diabetes, and that such use does not require a physician to co-prescribe pioglitazone with an insulin secretion enhancer (e.g., a sulfonylurea). Further, patients routinely take pioglitazone in combination with additional active components, such as insulin secretion enhancers for use in methods covered by the '640 patent. The intended use of pioglitazone in combination therapy to reduce side effects of active components used in such therapy would be readily apparent to a customer of Zydus (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

132.    Upon information and belief, Zydus's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy. As is well known to Zydus and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation. The beneficial effects of such combination therapy are well known to Zydus and customers of Zydus. On information and belief, Zydus will be marketing pioglitazone with specific intent, and/or with

BOS 862981.1

the desire to actively induce, aid and abet, infringement of the '640 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

133.    Additionally, upon information and belief, Zydus's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and insulin secretion enhancers such as a sulfonylurea and such information will promote the use of pioglitazone in combination with insulin secretion enhancers. The beneficial effects of such co-administration and/or interactions are well known to customers of Zydus. By including this information in its label, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '640 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

134.    Upon information and belief, Zydus's generic marketing practices include listing generic products on its website and referring consumers to a corresponding brand name product. Upon information and belief, Zydus intends to do the same for any approved generic pioglitazone, namely, Zydus intends to list its generic product and refer consumers to Takeda's product, ACTOS®. Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and an insulin secretion enhancer (e.g., a sulfonylurea), also applies to Zydus's generic pioglitazone-containing drug product.

135.    Upon information and belief, Zydus has planned and intended to actively induce others to infringe the '640 patent when its ANDA application is approved and plans and intends to do so on approval.

- 30 -

136.   Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful, and in full knowledge of the existence of the '640 patent.

137.   Unless Zydus is enjoined from infringing and inducing infringement of the '640 patent, plaintiffs will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT VIII

### (INFRINGEMENT OF THE METHOD CLAIMS OF THE '584 PATENT UNDER 35 U.S.C. § 271(b))

138.   Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

139.   Upon information and belief, approval of ANDA 20-2456 is substantially likely to result in the commercial manufacture, use, importation, offer for sale and/or sale, or inducement thereof, of a drug product which is marketed and sold for use in a methods claimed in one or more claims of the '584 patent, immediately or imminently upon approval of the ANDA, and prior to the expiration of the '584 patent.

140.   Upon information and belief, Zydus is aware or reasonably should be aware, of the widespread use of pioglitazone in the methods of one or more claims of the '584 patent and that use in such methods does not require a physician to co-prescribe pioglitazone with a biguanide, e.g., metformin.  Further, patients routinely take pioglitazone in combination with additional active components, such as biguanides for use in methods covered by the '584 patent. The intended use of pioglitazone in combination therapy to treat diabetes would be readily apparent to a customer of Zydus (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

BOS 862981.1

141.    Upon information and belief, Zydus's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy. As is well known to Zydus and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation. The beneficial effects of such combination therapy are well known to Zydus and customers of Zydus. On information and belief, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '584 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

142.    Additionally, upon information and belief, Zydus's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and biguanides, and such information will promote the use of pioglitazone in combination with insulin preparations. The beneficial effects of such co-administration and/or interactions are well known to customers of Zydus. By including this information in its label, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '584 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

143.    Upon information and belief, Zydus's generic marketing practices include listing generic products on its website and referring consumers to a corresponding brand name product. Upon information and belief, Zydus intends to do the same for any approved generic pioglitazone, namely, Zydus intends to list its generic product and refer consumers to Takeda's

- 32 -

product, ACTOS®.  Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and a biguanide, e.g., metformin, also applies to Zydus's generic pioglitazone-containing drug product.

144.    Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful.

145.  .  Unless Zydus is enjoined from infringing and inducing infringement of the '584 patent, plaintiffs will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT IX

### (INFRINGEMENT OF THE METHOD CLAIMS OF THE '404 PATENT UNDER 35 U.S.C. § 271(b))

146.    Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

147.    Upon information and belief, approval of ANDA 20-2456 is substantially likely to result in the commercial manufacture, use, importation, offer for sale, and/or sale, or inducement thereof, of a drug product which is marketed and sold for use in a method claimed in the '404 patent, immediately or imminently upon approval of the ANDA, and prior to the expiration of the '404 patent.

148.    Upon information and belief, Zydus is aware or reasonably should be aware, of the widespread use of pioglitazone in the methods of one or more claims of the '404 patent and that use in such method does not require a physician to co-prescribe pioglitazone with an insulin secretion enhancer (e.g., a sulfonylurea).  Further, patients routinely take pioglitazone in combination with additional active components, such as insulin secretion enhancers for use in

- 33 -

methods covered by the '404 patent. The intended use of pioglitazone in combination therapy to treat diabetes would be readily apparent to a customer of Zydus (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

149.    Upon information and belief, Zydus's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy. As is well known to Zydus and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation. The beneficial effects of such combination therapy are well known to Zydus and customers of Zydus. On information and belief, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '404 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

150.    Additionally, upon information and belief, Zydus's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and insulin secretion enhancers such as a sulfonylurea and such information will promote the use of pioglitazone in combination with an insulin secretion enhancer, such as a sulfonylurea. The beneficial effects of such co-administration and/or interactions are well known to customers of Zydus. By including this information in its label, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '404 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

- 34 -

151.    Upon information and belief, Zydus's generic marketing practices include listing generic products on its website and referring consumers to a corresponding brand name product. Upon information and belief, Zydus intends to do the same for any approved generic pioglitazone, namely, Zydus intends to list its generic product and refer consumers to Takeda's product, ACTOS®.  Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and an insulin secretion enhancer (e.g., a sulfonylurea), also applies to Zydus's generic pioglitazone-containing drug product.

152.    Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful.

153.    Unless Zydus is enjoined from infringing and inducing infringement of the '404 patent, plaintiffs will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT X

### (INFRINGEMENT OF THE METHOD CLAIMS OF THE '043 PATENT UNDER 35 U.S.C. § 271(b))

154.    Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

155.    Upon information and belief, approval of ANDA 20-2456 is substantially likely to result in the commercial manufacture, use, importation, offer for sale and/or sale, or inducement thereof, of a drug product which is marketed and sold for use in a method claimed in one or more claims of the '043 patent, immediately or imminently upon approval of the ANDA, and prior to the expiration of the '043 patent.

- 35 -

156.   Upon information and belief, Zydus is aware or reasonably should be aware, of the widespread use of pioglitazone in the methods of one or more claims of the '043 patent and that use in such methods does not require a physician to co-prescribe pioglitazone with a biguanide, e.g., metformin.  Further, patients routinely take pioglitazone in combination with additional active components, such as biguanides for use in methods covered by the '043 patent. The intended use of pioglitazone in combination therapy to reduce the amount of active components used in such therapy would be readily apparent to a customer of Zydus (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

157.   Upon information and belief, Zydus's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy.  As is well known to Zydus and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation.  The beneficial effects of such combination therapy are well known to Zydus and customers of Zydus. On information and belief, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '043 patent.  Zydus knows or reasonably should know that its proposed conduct will induce infringement.

158.   Additionally, upon information and belief, Zydus's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and biguanides, e.g., metformin

- 36 -

and such information will promote the use of pioglitazone in combination with biguanides, e.g., metformin. The beneficial effects of such co-administration and/or interactions are well known to customers of Zydus. By including this information in its label, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '043 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

159. . Upon information and belief, Zydus's generic marketing practices include listing generic products on its website and referring consumers to a corresponding brand name product. Upon information and belief, Zydus intends to do the same for any approved generic pioglitazone, namely, Zydus intends to list its generic product and refer consumers to Takeda's product, ACTOS®. Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and a biguanide, e.g., metformin, also applies to Zydus's generic pioglitazone-containing drug product.

160. Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful.

58. Unless Zydus is enjoined from infringing and inducing infringement of the '043 patent, plaintiffs will suffer substantial and irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT XI

### (INFRINGEMENT OF THE METHOD CLAIMS OF THE '090 PATENT UNDER 35 U.S.C. § 271(b))

161. Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

BOS 862981.1

162.   Upon information and belief, approval of ANDA 20-2456 is substantially likely to result in the commercial manufacture, use, importation, offer for sale, and/or sale, or inducement thereof, of a drug product which is marketed and sold for use in a method claimed in one or more claims of the '090 patent, immediately or imminently upon approval of the ANDA, and prior to the expiration of the '090 patent.

163.   Upon information and belief, Zydus is aware or reasonably should be aware, of the widespread use of pioglitazone in the methods of one or more claims of the '090 patent and that use in such methods does not require a physician to co-prescribe pioglitazone with a biguanide, e.g., metformin.  Further, patients routinely take pioglitazone in combination with additional active components, such as biguanides for use in methods covered by the '090 patent. The intended use of pioglitazone in combination therapy to reduce side effects of such therapy would be readily apparent to a customer of Zydus (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

164.   Upon information and belief, Zydus's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy.  As is well known to Zydus and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation.  The beneficial effects of such combination therapy are well known to Zydus and customers of Zydus. On information and belief, Zydus will be marketing pioglitazone with specific intent, and/or with

- 38 -

the desire to actively induce, aid and abet, infringement of the '090 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

165.    Additionally, upon information and belief, Zydus's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and biguanides, and such information will promote the use of pioglitazone in combination with biguanides, e.g., metformin. The beneficial effects of such co-administration and/or interactions are well known to customers of Zydus. By including this information in its label, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '090 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

166.    Upon information and belief, Zydus's generic marketing practices include listing generic products on its website and referring consumers to a corresponding brand name product. Upon information and belief, Zydus intends to do the same for any approved generic pioglitazone, namely, Zydus intends to list its generic product and refer consumers to Takeda's product, ACTOS®. Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and a biguanide, e.g., metformin, also applies to Zydus's generic pioglitazone-containing drug product.

167.    Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful.

168.   Unless Zydus is enjoined from infringing and inducing infringement of the '090 patent, plaintiffs will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XII

### (INFRINGEMENT OF THE METHOD CLAIMS OF THE '205 PATENT UNDER 35 U.S.C. § 271(b))

169.   Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

170.   Upon information and belief, approval of ANDA 20-2456 is substantially likely to result in the commercial manufacture, use, importation, offer for sale and/or sale, or inducement thereof, of a drug product which is marketed and sold for use in a method claimed in one or more claims of the '205 patent, immediately or imminently upon approval of the ANDA, and prior to the expiration of the '205 patent.

171.   Upon information and belief, Zydus is aware or reasonably should be aware, of the widespread use of pioglitazone in the methods of one or more claims of the '205 patent and that use in such methods does not require a physician to co-prescribe pioglitazone with an insulin secretion enhancer, e.g., a sulfonylurea.  Further, patients routinely take pioglitazone in combination with additional active components, such as insulin secretion enhancers for use in methods covered by the '205 patent.  The intended use of pioglitazone in combination therapy to reduce the amount of active components used in such therapy would be readily apparent to a customer of Zydus (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

BOS 862981.1

172.    Upon information and belief, Zydus's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy.  As is well known to Zydus and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation.  The beneficial effects of such combination therapy are well known to Zydus and customers of Zydus.  On information and belief, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '205 patent.  Zydus knows or reasonably should know that its proposed conduct will induce infringement.

173.    Additionally, upon information and belief, Zydus's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and insulin secretion enhancers and such information will promote the use of pioglitazone in combination with an insulin secretion enhancer such as a sulfonylurea.  The beneficial effects of such co-administration and/or interactions are well known to customers of Zydus.  By including this information in its label, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '205 patent.  Zydus knows or reasonably should know that its proposed conduct will induce infringement.

174.    Upon information and belief, Zydus's generic marketing practices include listing generic products on its website and referring consumers to a corresponding brand name product.  Upon information and belief, Zydus intends to do the same for any approved generic pioglitazone, namely, Zydus intends to list its generic product and refer consumers to Takeda's

BOS 862981.1

product, ACTOS®.  Upon information and belief, such marketing practices are substantially

likely to lead a consumer of generic pioglitazone to infer that prescribing information for

ACTOS®, which includes directions relating to the use of combinations of ACTOS® and an

insulin secretion enhancer such as a sulfonylurea, also applies to Zydus's generic pioglitazone-

containing drug product.

175.   Upon information and belief, the acts of infringement alleged above are and have

been deliberate and willful.

176.   Unless Zydus is enjoined from infringing and inducing infringement of the '205

patent, plaintiffs will suffer substantial and irreparable injury.  Plaintiffs have no adequate

remedy at law.

## COUNT XIII

### (INFRINGEMENT OF THE METHOD CLAIMS
### OF THE '243 PATENT UNDER 35 U.S.C. § 271(b))

177.   Plaintiffs TPC and TPNA repeat and incorporate herein by reference the

allegations contained in each of the foregoing paragraphs.

178.   Upon information and belief, approval of ANDA 20-2456 is substantially likely to

result in the commercial manufacture, use, importation, offer for sale and/or sale, or inducement

thereof, of a drug product which is marketed and sold for use in a methods claimed in one or

more claims of the '243 patent, immediately or imminently upon approval of the ANDA, and

prior to the expiration of the '243 patent.

179.   Upon information and belief, Zydus is aware or reasonably should be aware, of

the widespread use of pioglitazone in the methods of one or more claims of the '243 patent and

that use in such methods does not require a physician to co-prescribe pioglitazone with an insulin

preparation.  Further, patients routinely take pioglitazone in combination with additional active

components, such as insulin preparations for use in methods covered by the '243 patent. The intended use of pioglitazone in combination therapy to treat a diabetic patient to reduce side effects of active components used in such therapy would be readily apparent to a customer of Zydus (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

180.   Upon information and belief, Zydus's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy. As is well known to Zydus and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation. The beneficial effects of such combination therapy are well known to Zydus and customers of Zydus. On information and belief, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '243 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

181.   Additionally, upon information and belief, Zydus's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and insulin preparations, and such information will promote the use of pioglitazone in combination with insulin preparations. The beneficial effects of such co-administration and/or interactions are well known to customers of Zydus. By including this information in its label, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '243

- 43 -

patent.  Zydus knows or reasonably should know that its proposed conduct will induce infringement.

182.    Upon information and belief, Zydus's generic marketing practices include listing generic products on its website and referring consumers to a corresponding brand name product. Upon information and belief, Zydus intends to do the same for any approved generic pioglitazone, namely, Zydus intends to list its generic product and refer consumers to Takeda's product, ACTOS®.  Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and an insulin preparation, also applies to Zydus's generic pioglitazone-containing drug product.

183.    Upon information and belief, Zydus has planned and intended to actively induce others to infringe the '243 patent when its ANDA application is approved and plans and intends to do so on approval.

184.    Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful, and in full knowledge of the existence of the '243 patent.

185.    Unless Zydus is enjoined from infringing and inducing the infringement of the '243 patent, plaintiffs will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XIV

### (INFRINGEMENT OF THE METHOD CLAIMS
### OF THE '640 PATENT UNDER 35 U.S.C. § 271(b))

186.    Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

- 44 -

187.    Upon information and belief, approval of ANDA 20-2456 is substantially likely to result in the commercial manufacture, use, importation, offer for sale and/or sale, or inducement thereof, of a drug product which is marketed and sold for use in a methods claimed in one or more claims of the '640 patent, immediately or imminently upon approval of the ANDA, and prior to the expiration of the '640 patent.

188.    Upon information and belief, Zydus is aware or reasonably should be aware, of the widespread use of pioglitazone in the methods of one or more claims of the '640 patent, and that such use does not require a physician to co-prescribe pioglitazone with an insulin secretion enhancer (e.g., a sulfonylurea).  Further, patients routinely take pioglitazone in combination with additional active components, such as insulin secretion enhancers.  The intended use of pioglitazone in combination therapy to reduce side effects of active components used in such therapy would be readily apparent to customers of Zydus (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

189.    Upon information and belief, Zydus's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy.  As is well known to Zydus and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation.  The beneficial effects of such combination therapy are well known to Zydus and customers of Zydus.  On information and belief, Zydus will be marketing pioglitazone with specific intent, and/or with

- 45 -

the desire to actively induce, aid and abet, infringement of the '640 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

190.    Additionally, upon information and belief, Zydus's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and insulin secretion enhancers such as a sulfonylurea and such information will promote the use of pioglitazone in combination with insulin secretion enhancers such as a sulfonylurea. The beneficial effects of such co-administration and/or interactions are well known to customers of Zydus. By including this information in its label, Zydus will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '640 patent. Zydus knows or reasonably should know that its proposed conduct will induce infringement.

191.    Upon information and belief, Zydus's generic marketing practices in the U.S. include listing generic products on its website and referring consumers to a corresponding brand name product. Upon information and belief, Zydus intends to do the same for any approved generic pioglitazone, namely, Zydus intends to list its generic product and refer to Takeda's product, ACTOS®. Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and an insulin secretion enhancer (e.g., a sulfonylurea), also applies to Zydus's generic pioglitazone-containing drug product.

192.    Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful, and in full knowledge of the existence of the '640 patent.

BOS 862981.1

193. Unless Zydus is enjoined from infringing and inducing the infringement of the '640 patent, plaintiffs will suffer substantial and irreparable injury. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs request the following relief:

(a) a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. that making, using, selling, offering to sell and/or importing Zydus's drug product for which it seeks FDA approval or its active ingredient pioglitazone will infringe at least one claim of one or more of the Takeda Patents;

(b) a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. that inducing the making, using, offering for sale, selling and/or importing of Zydus's drug product or its active ingredient pioglitazone, will infringe at least one claim of one or more of the Takeda Patents;

(c) a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. and an order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval for Zydus to commercially make, use, sell, offer to sell or import pioglitazone or any drug product containing pioglitazone be no earlier than the date following the expiration date of the last to expire of the Takeda Patents (as extended, if applicable);

(d) a permanent injunction restraining and enjoining against any infringement by defendants, their officers, agents, attorneys, employees, successors or assigns, or those acting in privity or concert with them, of the Takeda Patents, through the commercial manufacture, use, sale, offer for sale or importation into the United

BOS 862981.1

States of pioglitazone or any drug product containing pioglitazone, and/or any

inducement of the same;

(e)      Attorneys' fees in this action under 35 U.S.C. § 285; and

(f)      Such further and other relief in favor of Plaintiffs and against Defendants as this

Court may deem just and proper.

Dated:   New York, New York
         January 14, 2011

                                        Takeda Pharmaceutical Company Limited and
                                        Takeda Pharmaceuticals North America, Inc.

                                        By their attorneys,

                                        Anthony J. Viola
                                        Andre K. Cizmarik
                                        Joseph E. Czerniawski
                                        EDWARDS ANGELL PALMER & DODGE LLP
                                        750 Lexington Avenue
                                        New York, NY 10022
                                        (212) 308-4411

                                        David G. Conlin (to be admitted *pro hac vice*)
                                        Barbara L. Moore (to be admitted *pro hac vice*)
                                        Kathleen B. Carr (to be admitted *pro hac vice*)
                                        Adam P. Samansky (to be admitted *pro hac vice*)
                                        EDWARDS ANGELL PALMER & DODGE LLP
                                        111 Huntington Avenue
                                        Boston, MA 02199-7613
                                        (617) 439-4444

BOS 862981.1